# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORWOOD ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>L. CAHLANDER, et al.,<br><br>Defendants. | Case No. 1:14-cv-01096 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION THAT THE ACTION BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Norwood Armstrong, ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 14, 2014.

On June 5, 2015, the Court screened the complaint and found it stated a claim of excessive force under the Eighth Amendment against Correctional Officers L. Cahlander, F. Gonzales, and D. Perez, and a claim of deliberate indifference under the Eighth Amendment against Sergeant J. Gonzales and Nurse D. Niemiev. Service was authorized, and Plaintiff was provided with service documents for completion and return within thirty days. Over thirty days passed and Plaintiff failed to return the completed service documents. On July 17, 2015, the Court issued a Findings and Recommendation that the action be dismissed for failure to comply with a court order. On July 30, 2015, Plaintiff filed objections to the Findings and Recommendation. In light of the objections, on August 3, 2015, the Court vacated the Findings and Recommendations and granted Plaintiff an

extension of thirty days to complete and return the service documents.  Over thirty days have passed, and again Plaintiff has failed to complete and return the service documents.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  In this case, Plaintiff has been repeatedly warned that dismissal would result from his noncompliance with the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of June 5, 2015.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 5, 2015**                              /s/ Dennis L. Beck
                                                                   UNITED STATES MAGISTRATE JUDGE